MUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ASHLEY N.M.,

                  Plaintiff,        REPORT & RECOMMENDATION
                                        1:25-cv-02362-GHW-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In October of 2021, Plaintiff Ashley N.M.[1] applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by Alegria Law Firm, P.C., Anselmo A. Alegria, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  Presently pending is Plaintiff's motion for judgment on the pleadings. (Docket No. 14).

This case was referred to the undersigned for a report and recommendation on October 17, 2025.  For the following reasons, it is

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

recommended that Plaintiff's motion should be granted, and this matter should be remanded for further proceedings.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on October 8 and October 26, 2021, alleging disability beginning February 21, 2021. (T at 311, 315).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on April 18, 2024, before ALJ Kieran McCormack. (T at 81-123).  Plaintiff appeared with an attorney and testified. (T at 90-116). The ALJ also received testimony from Carol Crane, a vocational expert. (T at 117-21).

### B.    ALJ's Decision

On May 14, 2024, the ALJ issued a decision denying the applications for benefits. (T at 47-78).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 21, 2021 (the alleged onset date).  (T at 52).  The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2025 (the date last insured). (T at 52).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

The ALJ concluded that Plaintiff's cervical disc herniation (causing back pain), post-concussion syndrome, migraine headaches, vertigo, asthma, major depressive disorder, posttraumatic stress disorder, and panic disorder were severe impairments as defined under the Act. (T at 53).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 54).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work, as defined in 20 CFR 404.1567 (b) and 416.967 (b).  (T at 57).

In particular, the ALJ found that Plaintiff can climb, balance, stoop, kneel, crouch, and crawl on an occasional basis; work at jobs without moderate exposure to airborne irritants such as fumes, odors, dusts, gases, and/or smoke; work at jobs that do not require the operation of motor vehicles or heavy machinery; work at jobs without moderate exposure to unprotected heights, unprotected machinery, and/or machinery with moving mechanical parts; and work at jobs without concentrated exposure to excessive noise and/or excessive light. (T at 57).

In addition, the ALJ concluded that Plaintiff was limited to "low stress" jobs, defined as work involving only simple, routine, and repetitive tasks and requiring only simple work-related decisions and no more than occasional workplace changes. (T at 57).

The ALJ found that Plaintiff had no past relevant work. (T at 69).

Considering Plaintiff's age (24 on the alleged onset date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 69-70).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 21, 2021 (the alleged onset date) and May 14, 2024 (the date of the ALJ's decision). (T at 70).

On January 30, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 23-27).

C.    Procedural History

Plaintiff, by and through her counsel, commenced this action by filing a Complaint on March 21, 2025. (Docket No. 1).  On July 28, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum

of law. (Docket Nos. 14, 15). The Commissioner interposed a brief in opposition to Plaintiff's motion on September 22, 2025. (Docket No. 16).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff contends that the ALJ erred in weighing the medical opinion evidence, which undermines his assessment of Plaintiff's ability to meet the physical demands of basic work activity.

*A.     Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the

8

medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Michael Healy performed a consultative examination in February of 2022.  He diagnosed neck pain with probable cervical spinal intervertebral disc disruption with decreased range of motion

and discomfort; lower back pain with probable lumbar spinal intervertebral disc disruption; post-concussive syndrome with chronic headaches and vertigo; history of beta thalassemia; heart murmur; previous right shoulder rotator cuff repair; two left arthroscopic knee surgical repairs; and asthma. (T at 643).

Dr. Healy recommended that Plaintiff avoid exposure to respiratory irritants and assessed moderate impairment in her ability to reach, grasp, and hold objects with either upper extremity. (T at 643).

Dr. Kristen Sahler, a treating physician, provided a letter, dated March 8, 2022, in which she explained that she was treating Plaintiff for post-concussive syndrome and opined that Plaintiff was "unable to use a phone or computer for any extended period of time due to her hypersensitivity and consequent worsening of headaches and dizziness." (T at 656). Later that month, Dr. Sahler completed a functional assessment in which, *inter alia*, she opined that Plaintiff had moderate impairment with respect to walking and standing and was "very limited" in her ability to lift, carry, push, pull, and bend. (T at 659).

Dr. Julia Kaci performed a consultative examination in December of 2022. She diagnosed chronic neck and back pain with radiculopathy; migraines; vertigo; urticaria; deviated septum; depression, anxiety, and

posttraumatic stress disorder; abnormal weight loss; asthma; and history of frequent concussions with post concussive syndrome. (T at 783).

Dr. Kaci assessed marked limitation in Plaintiff's ability to bend, move her neck, lift, carry, push, and pull and moderate impairment with respect to sitting, standing, and walking. (T at 783). She opined that Plaintiff should avoid respiratory irritants, riding or driving in a motor vehicle, and being in environments that are noisy and/or have bright lights. (T at 783).

The ALJ concluded that Plaintiff retained the RFC to meet the physical demands of a range of light work. (T at 57). In so doing, the ALJ found the opinions of Dr. Healy, Dr. Kaci, and Dr. Sahler generally unpersuasive. (T at 60-65).

The Court recommends a remand for reconsideration of the medical opinion evidence regarding Plaintiff's physical functioning. Here's why.

Fundamentally, the ALJ discounted the treating and examining physicians' opinions as inconsistent with his reading of the treatment record. (T at 60-65). Notably, however, the ALJ gave no apparent consideration to the significant consistency of the treating and examining opinions *with each other*. This was error. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of

Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

The Commissioner defends the ALJ's decision by citing the assessments of Dr. C. Levit and A. Sinha, non-examining State Agency review physicians, whose opinions the ALJ found generally persuasive. (T at 67).

In February of 2022, Dr. Levit opined that Plaintiff could perform a range of medium work, with no more than occasional climbing ramps, stairs, ladders, ropes, or scaffolds and occasional stooping, balancing, kneeling, crouching, and crawling; but needed to avoid concentrated exposure to hazards and moderate exposure to respiratory irritants. (T at 154).   Dr. Sinha affirmed this assessment on reconsideration in February of 2023. (T at 183-84).

12

The State Agency opinions, however, are problematic and insufficient to support the ALJ's decision to discount the treating and examining providers' assessments.

Dr. Levit's review was conducted in February of 2022 and, thus, the physician did not consider the assessments from Dr. Sahler or Dr. Kaci, which were provided after that.

Further, Dr. Healy's examination was conducted 11 days before Dr. Levit's review, and it is not clear that Dr. Levit considered Dr. Healy's opinion.  Although a summary of Dr. Healy's findings is included in Dr. Levit's report (T at 162), Dr. Levit does not address the findings explicitly and the report twice contains the statement: "[t]here is no indication that there is a medical opinion from any medical source." (T at 151, 168).

Dr. Sinha's decision affirming Dr. Levit on reconsideration references an "opinion" from a consultative examiner and finds that opinion to be an "oversetmation [*sic*] of the severeity [*sic*]" of Plaintiff's limitations. (T at 184). It is not clear which of the two consultative examiners Dr. Sinha is referencing, and the use of the singular "opinion" suggests that Dr. Sinha failed to review one of the consultative examiner's reports.

"Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to

13

support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *8 (D. Vt. July 14, 2020)(quoting *Ledoux v. Acting Comm'r, Soc. Sec. Admin.*, Civil No. 17-CV-707-JD, 2018 WL 2932732, at *4 (D.N.H. June 12, 2018)); *see also Danette Z. v. Comm'r of Soc. Sec.,* No. 1:19-CV-1273 (ATB), 2020 WL 6700310, at *9 (N.D.N.Y. Nov. 13, 2020).

For these reasons, the Court recommends a remand for proper development of the record and assessment of the medical opinion evidence regarding Plaintiff's ability to meet the physical demands of basic work activity. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").[3]

---

[3] At step five of the sequential evaluation, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 69). The ALJ relied on the testimony of a vocational expert, who identified three representative occupations (ticket marker, mail sorter, and cafeteria attendant) that a hypothetical claimant with Plaintiff's RFC could perform. (T at 69-70). Plaintiff argues that the ALJ failed to adequately question the vocational expert regarding the demands of the ticket marker and mail sorter positions. Even assuming the merits of Plaintiff's argument, a remand would not be recommended on this ground because the cafeteria

B.      Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

Given the deficiencies in the ALJ's analysis, as discussed above, it is recommended that this case should be remanded for further proceedings.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for judgment on the pleadings (Docket No. 14) should be GRANTED, and this case should be remanded for further proceedings pursuant to sentence four of section 405 (g) of the Social Security Act.

---

attendant position is sufficient to sustain the step five determination.  *See Angi W. v. Comm'r of Soc. Sec.*, No. 21-CV-0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023)("[A]lthough vocational experts customarily offer three jobs that a claimant perform as part of their testimony, the ALJ does not have a corresponding duty to find that each of the three jobs offer significant numbers of jobs in the national economy: one occupation is sufficient.").  However, the step five analysis will need to be revisited on remand in any event after proper development of the record and reconsideration of the medical opinion evidence. *See generally Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015)(declining to address claimant's additional arguments because "the ALJ's analysis may change on these points upon remand").

15

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 14, 2025

*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

16